IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| CHARLES RAY ARMSTRONG,<br><br>Plaintiff,<br><br>v.<br><br>FNU NELSON, FNU THOMAS, and WEBER MORGAN NARCOTICS STRIKE FORCE<br><br>Defendants. | REPORT & RECOMMENDATION[1]<br><br>Case No. 1:19-cv-00099<br><br>United States District Court Judge Jill N. Parrish<br><br>Magistrate Judge Dustin B. Pead |

## BACKGROUND

Plaintiff Charles Ray Armstrong, an inmate at the Safford Federal Correctional Institute, filed this *pro se* civil rights suit under 42 U.S.C. § 1983.[2] Mr. Armstrong was allowed to proceed *in forma pauperis* under 28 U.S.C. § 1915.[3] On May 20, 2022, Defendants Officer Nelson and Officer Thomas[4] filed a Motion for Summary Judgment ("Motion").[5] Plaintiff did not respond[6] and on June 29, 2022, the Court issued an Order to Show Cause.[7]

---

[1] This case is before Magistrate Judge Dustin B. Pead pursuant to a 28 U.S.C. § 636(b)(1)(B) referral from District Court Judge Jill N. Parrish. ECF No. 19, Order of Reference.

[2] *See* 42 U.S.C. § 1983; ECF No. 5, Plaintiff's Complaint; ECF No. 29, Plaintiff's Amended Complaint.

[3] *See* 28 *id.* 1915.

[4] Although Plaintiff's caption lists Weber-Morgan Narcotics Strike Force as a Defendant, the Strike Force is not listed as a Defendant in Plaintiff's Amendment Complaint. *Mink v. Suthers,* 482 F.3d 1244, 1254 (10th Cir. 2007) (*citing In re Atlas Van Lines, Inc.,* 209 F.3d 1064, 1067 (8th Cir. 2000) ("an amended complaint supersedes an original complaint and renders the original complaint without legal effect").

[5] ECF No. 49, Defendants' Motion for Summary Judgment.

1

On July 12, 2020, the Court granted Mr. Armstrong's request for an extension of time[8] allowing him until August 12, 2022, to respond to Defendants' Motion.[9] Mr. Armstrong again failed to file a timely response and on August 23, 2022, the Court issued a second Order to Show Cause requiring Plaintiff to respond to Defendants' Motion no later than September 6, 2022.[10] On September 6, 2022, Mr. Armstrong filed his Response[11] and on September 9, 2022, Defendants filed their Reply.[12]

## STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[13] When considering a motion for summary judgment, the court views "all facts [and evidence] in the light most favorable to the party opposing summary judgment."[14] It is the movant's burden to prove that no genuine issue of material fact exists for trial. To survive summary judgment, Plaintiff must come forward with specific facts showing there is a genuine issue of material fact for trial.

---

[6] DUCivR 7-1(a)(4)(B)(iii) (opposition to motion for summary judgment due twenty-eight days after service of the motion).

[7] ECF No. 50, Order to Show Cause.

[8] ECF No. 51, Plaintiff's Motion for Extension of Time.

[9] ECF No. 52, Docket Text Order.

[10] ECF No. 52, Order to Show Cause.

[11] ECF No. 54, Plaintiff's Response to Motion for Summary Judgment.

[12] ECF No. 55, Defendants' Reply to Motion for Summary Judgment.

[13] Fed. R. Civ. P. 56(a).

[14] *S.E.C. v. Smart,* 678 F.3d 850, 856 (10th Cir. 2012) (citing *Grynberg v. Total S.A.,* 538 F.3d 1336, 1346 (10th Cir. 2008)).

"When a defendant asserts qualified immunity at summary judgment, the burden shifts to the plaintiff to show that: (1) the defendant violated a constitutional right and (2) the constitutional right was clearly established."[15] "A clearly established right is one that is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right."[16]

## DISCUSSION

As an initial matter, Mr. Armstrong appears to renew his request for appointment of counsel.[17] The Court, however, has denied Plaintiff's three prior requests for appointment of counsel.[18] As a pro se litigant, Mr. Armstrong is required to "follow the same rules of procedure that govern other litigants."[19] And, while his pleadings are liberally construed, the court "is not authorized to become the advocate" for Plaintiff.[20] Thus, "[d]espite the liberal construction afforded pro se pleadings, the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."[21]

---

[15] *Thomson v. Salt Lake County,* 584 F.3d 1304, 1312 (10th Cir. 2009) (*citing Martinez v. Beggs,* 563 F.3d 1082,1088 (10th Cir. 2009)).

[16] *Reichle v. Howards,* 566 U.S. 658, 664, 132 S. Ct. 2088, 182 L. Ed. 2d 985, 989 (2012) (internal quotation marks and alteration omitted).

[17] ECF No. 54 ("I have ask [sic] you for a Lawyer Three Times and you will not give me one.")

[18] *See* ECF No. 4, Order Denying Plaintiff's Motion for Appointment of Counsel; ECF No. 20, Order Denying Plaintiff's Motion for Appointment of Counsel; ECF No. 45, Order Denying Plaintiff's Motion for Appointment of Counsel.

[19] *Cummings v. Am. Postal Worker's Union*, 2022 U.S. App. LEXIS 16810, at *5 (June 17, 2022) (unpublished) (*citing Garrett v. Selby Connor Maddux & Janer,* 425 F. 3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted)).

[20] *Hill v. Corr. Corp. of Am.,* 2005 U.S. Dist. LEXIS 15781, at *13 (D. Kan. Aug. 3, 2005) (citation omitted).

[21] *Drake v. City of Fort Collins,* 927 F.2d 1156, 1159 (10th Cir. 1991).

Plaintiff's one page response to Defendants' Motion fails to set forth any basis for preventing summary judgment based on qualified immunity. Under the most liberal construction, Plaintiff's filing contains one statement that could be construed as evidence: "All I know is that the police beat me up that night."[22] The Constitution, however, does not prevent police officers from using force. Rather, there is a prohibition on the use of "excessive force" and "an officer using force in the course of a seizure of a citizen is entitled to qualified immunity unless the level of force violated clearly established Fourth Amendment law.[23] Here, Plaintiff's statement does not contradict any of the evidence submitted by the officers regarding their use of force upon him or the basis therefor.[24]

Further, even assuming for purposes of argument that Mr. Armstrong's single statement could be construed as a constitutional violation, Defendants are still entitled to qualified immunity because Plaintiff fails to carry his burden to explain how, at the time, it was "clearly established" that the officers' use of force violated the Constitution.[25]

---

[22] ECF No. 54.

[23] *Thomson v. S.L. County,* 585 F.3d 1304, 1313 (10th Cir. 2009) (citation omitted).

[24] ECF No. 49-1, Declaration of Aaron Nelson; ECF No. 49-2, Declaration of Shawn Grogan; ECF No. 49-3, Declaration of Bret Connors; ECF No. 49-4, Declaration of Zach Thomas.

[25] *Morris v. Noe,* 672 F.3d 1185, 1191 (10th Cir. 2012) (citations omitted) ("When a defendant asserts qualified immunity at summary judgment, the burden shifts to the plaintiff to show that: (1) the defendant violated a constitutional right; and (2) the constitutional right was clearly established.").

## **RECOMMENDATION**

Construing the facts in the light most favorable to Mr. Armstrong, Plaintiff has not met his burden of establishing a constitutional violation that was clearly established.[26] According, because there is no genuine dispute as to any material fact the Court RECOMMENDS that Defendant' Motion for Summary Judgment be GRANTED.[27]

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[28] The parties must file an objection to this Report and Recommendation within fourteen (14) days after receiving it. *Id.* Failure to object may constitute a waiver of objections upon subsequent review.

DATED: September 15, 2022.

BY THE COURT:

_____
Dustin B. Pead
U.S. Magistrate Judge

---

[26] *Riggins v. Goodman,* 572 F.3d 1101, 1107 (10th Cir. 2009) ("The plaintiff must demonstrate on the facts alleged both that the defendant violated his constitutional or statutory rights, and that the right was clearly established at the time of the alleged unlawful activity.").

[27] ECF No. 49.

[28] *See* 28 U.S.C. §636(b)(1), Fed. R. Civ. P. 72(b).